Timothy K. Ford, WSBA #5986  
Katherine C. Chamberlain, WSBA #40014  
MacDonald Hoague & Bayless  
705 Second Avenue, Suite 1500  
Seattle, Washington 98104-1745  
206-622-1604

HON. FRED VAN SICKLE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

K.S. by her guardian ad litem Kenneth L. Isserlis, and DOROTHY SPIOTTA and PAUL SPIOTTA,

    Plaintiffs,

v.

AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., PEOPLE TO PEOPLE INTERNATIONAL,

    Defendants.

No. CV-08-243-FVS

SECOND AMENDED COMPLAINT FOR DAMAGES

DEMAND FOR JURY

COMES NOW the Plaintiffs, K.S., DOROTHY SPIOTTA and PAUL SPIOTTA, by and through their attorneys, and state:

## I.    PARTIES

1.1    K.S. is a minor child and a citizen and resident of Virginia. She appears here by her guardian ad litem Kenneth L. Isserlis.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 1

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1.2  Dorothy and Paul Spiotta are a married couple, citizens and residents of Virginia, and the parents of K.S.

1.3  Defendant AMBASSADOR PROGRAMS, INC. is a Delaware corporation with its principal place of business in Spokane, Washington and does business as People to People Student Ambassador Programs, People to People and various other assumed business names in Washington, various other states and worldwide.

1.4  Defendant AMBASSADORS GROUP, INC. is a Delaware corporation headquartered in Spokane, Washington and does business as People to People Student Ambassador Programs, People to People, Ambassador Programs Inc. and various other assumed business names in Washington, various other states and worldwide.

1.5  Defendant PEOPLE TO PEOPLE INTERNATIONAL is a Missouri corporation and does business as People to People Student Ambassador Programs, People to People and various other assumed business names in Washington, various other states and worldwide.

1.6  Collectively, Defendants Ambassador Programs Inc., Ambassadors Group Inc., and People to People International, markets, sells, plans, organizes, and implements overseas trips for minor children, or purported to do so.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 2

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1.7    One or more defendants hired Sara B. Hobbs, Katie E. Calvert, Dawn M. Hotaling, and Van Hoffman to accompany and care for minor children on defendants' overseas trips.

1.8    At all material times, Sara B. Hobbs, Katie E. Calvert, Dawn M. Hotaling, and Van Hoffman were acting as employees or agents of one or more of the defendant corporations, doing business in Washington, through contracts governed by Washington law.

## II.    JURISDICTION AND VENUE

2.1    The jurisdiction of this court is invoked pursuant to 28 USC § 1332 as plaintiffs are citizens of the State of Virginia and Defendants are citizens of the State of Washington and other states and the amount in controversy for each plaintiff exceeds $75,000.

2.2    This court has personal jurisdiction over the defendants because they are corporations transacting business in the State of Washington, marketing their services in the State of Washington, selling their services in the State of Washington, and administering their programs in the State of Washington, through contracts expressly governed by Washington law.

2.3    Venue is proper pursuant to 28 USC § 1391(c) because at least one of the defendants transact business in the Eastern District of Washington, has an office for the transaction of business in the Eastern District of Washington, and

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 3

9157.1 bj282201

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

transacted business in the Eastern District of Washington at the time the cause of action arose.

### III.   FACTUAL ALLEGATIONS

3.1   In 2005, Defendants contacted Plaintiffs and invited K.S. to become a People to People Student Ambassador and travel with their Student Ambassador Program.

3.2   In informational meetings and other communications, Defendants made various factual representations to the Plaintiffs about the program's history, founder, chairmen, CEO and president; meals abroad; its health and safety protocols and benefits of medical insurance; the qualifications and training of its staff to care for student ambassadors in their custody; the sponsorship and approval of their services; their affiliations, connections, or associations with each other; and represented that its services were of a particular standard and quality.

3.3   Plaintiffs Dorothy and Paul Spiotta relied on those representations when they entered into an agreement in which Defendants agreed to take custody of their 11-year-old daughter on a three week trip to Australia.

3.4   After K.S.'s acceptance into the program, Defendants continued to make the same factual representations about the program as set forth in paragraph 3.2, and Plaintiffs continued to rely on them.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 4

9157.1 bj282201

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

3.5    At K.S.'s pre-trip physical examination she weighed approximately 110 pounds and was in good health.

3.6    In connection with K.S.'s enrollment, the plaintiffs paid for insurance to cover her health care needs during and as a result of the trip, in order to assure K.S. would have access to proper health care at all times.

3.7    On July 25, 2006, Plaintiffs Dorothy and Paul Spiotta placed their daughter K.S. in the custody of Defendants. Defendants took custody of K.S. and thereby assumed the duty to care for her, including but not limited to a duty to supervise and monitor her health and food intake, protect her, and a duty to take action if she did not eat or became ill.

3.8    Defendants assigned Hobbs, Calvert, Hotaling, and Hoffman ("delegation leaders") to accompany K.S. and the other student ambassadors to Australia. Defendants failed to use reasonable care in the selection, training, and supervision of the delegation leaders assigned to accompany and care for the student ambassadors, including K.S.

3.9    During the trip, Defendants failed to reasonably care for, supervise or monitor the children, failed to make well-balanced and nutritious food available for the children on a daily basis and failed to ensure that the accommodations were suitable and the children were properly clothed for the cold weather.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 5

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

3.10  During the trip, K.S. became ill. As a result, during some meals she ate negligible amounts and at other times she ate noting at all. She showed signs of illness. She also communicated to the Defendants' delegation leaders that she felt ill.

3.11  Defendants failed to reasonably supervise and monitor K.S. and therefore, failed to notice and respond to signs that she was ill and not eating. Defendants did not call Plaintiffs Dorothy and Paul Spiotta, to inform them that their daughter was ill. Defendants did not seek medical advice or care for K.S.. Defendants also failed to create and maintain an environment in which children could privately report illness to their parents, or comfortably report illness to Defendants and receive attention and medical care as needed. Instead, Defendants isolated K.S. and ignored her. As a result, her condition worsened.

3.12  In the middle of the trip, Plaintiff Dorothy Spiotta contacted one of Defendants' delegation leaders in Australia.

3.12.1  Dorothy Spiotta expressed concern that K.S. may not be eating enough and that she was very sad. Mrs. Spiotta told the leader that she was willing to travel to Australia to pick up K.S. if she was ill and could not finish the trip. She was worried about her daughter.

3.12.2  The leader told Mrs. Spiotta that she need not worry about her daughter and there was no need for her to make arrangements for K.S. to

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 6

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

leave the trip early. The leader repeatedly told Mrs. Spiotta that K.S. was fine, just a little homesick. She also told Mrs. Spiotta that K.S. was in fact getting enough to eat and that she and the other leaders would monitor K.S.'s meals and make sure that she continued to get enough to eat. The leader made these statements without making a reasonable investigation and without factual basis. The statements were false.

        3.12.3     Relying on the leader's representations, Dorothy and Paul Spiotta did not take other steps to determine whether their daughter was ill, needed medical assistance, or needed to end her travel early.

        3.13  Despite their representations, Defendants failed to reasonably supervise K.S., failed to monitor her food intake or health, and failed to take appropriate action in response to K.S.'s illness. Defendants did not call Plaintiffs Dorothy and Paul Spiotta to inform them that their daughter was ill. Defendants did not seek medical advice or care for K.S.

        3.14  As a result of Defendants' failure to take action, K.S.'s condition continued to worsen.

        3.15  On the morning of August 13, 2006, K.S. arrived back to the United States. Dorothy and Paul Spiotta met K.S. at the airport. K.S.'s face was tearful, her demeanor sullen and her body pale and emaciated.

        3.16  Shortly after returning home, K.S. collapsed.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

9157.1 bj282201

3.17  On August 14, 2006, K.S. went to the hospital. She had lost approximately 19 pounds since her pre-trip physical and her heart rate and blood pressure were dangerously low. She was diagnosed with severe malnutrition and other illnesses.

3.18  As a result of the neglect of her symptoms by Defendants, K.S.'s medical condition had deteriorated to such a point that her health could not improve without hospitalization. Over the next five months, K.S. received in-patient care for seven weeks, followed by intensive out-patient treatment until January 2007, when she was medically released to return to school. She has continued to receive treatment since then.

3.19  As a result of the foregoing acts and omissions by Defendants, Plaintiffs have suffered damages as set forth below.

## CLAIM ALLEGATIONS

3.20  FIRST CLAIM FOR RELIEF

*Negligence*

3.20.1  Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

3.20.2  Defendants owed Plaintiffs a duty of care while K.S. was in their custody.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9157.1 bj282201

        3.20.3     Defendants breached their duty to Plaintiffs by failing supervise, monitor, care for, and timely and accurately report on the condition of K.S. as described above, and by failing to take action when they knew or should have known that she was ill. Defendants also breached their duty by failing to use reasonable care in planning for the trip, and in their selection, training, and supervision of the delegation leaders assigned to accompany and care for the student ambassadors, including K.S.

        3.20.4     As a proximate result of defendants' acts and omissions described above, plaintiff K.S. suffered damages and personal injuries, including but not limited to future medical and insurance expenses, physical pain and suffering, physical injuries, disability, emotional distress, disfigurement, loss of the enjoyment of life, loss of companionship, and damage to the parent-child relationship.

        3.20.5     As a proximate result of defendants' acts and omissions described above, plaintiffs Dorothy and Paul Spiotta have suffered damages including past and future medical and insurance expenses for K.S., travel expenses, lost wages, other expenses incurred due to the hospitalization and treatment of K.S, loss of companionship with their child, and damage to the parent-child relationship.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 9

9157.1 bj282201

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

3.20.6    By virtue of the foregoing, defendants are liable to plaintiffs for negligence.

### 3.21    SECOND CLAIM FOR RELIEF

*Fraud*

3.21.1    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

3.21.2    Defendants made various misrepresentations of existing fact through information provided to Plaintiffs in their marketing materials, orientation meetings, letters, brochures, guides, and website. These misrepresentations included but were not limited to the following:

3.21.2.1    Defendants falsely represented that People to People International participated in the creation, planning or implementation of the student ambassador program in which K.S. participated. Defendants made this representation in various ways, including but not limited to: the use of letterhead with "People to People International" printed in the top left hand corner, sending a letter to K.S. signed by "Mary Jean Eisenhower, President and CEO, People to People International," and repeatedly referring to People to People International, its founder, honorary chairmen (all Presidents of the United States), executives, and history in informational meetings, mailings, brochures, and their program website.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 10

9157.1 bj282201

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

     3.21.2.2 Defendants falsely represented that People to People International accepted K.S. to participate in the People to People Student Ambassador Class of 2006. Defendants made this representation in various ways, including but not limited to: sending K.S. a letter of acceptance into the program, purporting to be sent from People to People International – Office of Mary Jean Eisenhower and signed by Ms. Eisenhower as President and CEO of People to People International.

     3.21.2.3 Defendants falsely represented that President Eisenhower founded the student ambassador program in which K.S. participated. Defendants made this representation in various ways, including but not limited to: stating "President Dwight D. Eisenhower, Founder, People to People International" on the Contribution Form sent to Plaintiffs and making similar representations on its website, on page one of its program guide titled "Explore Guide: South Pacific" and in various other marketing materials.

     3.21.2.4 Defendants falsely represented that Mary Eisenhower oversaw, monitored, or exercised control over the planning and implementation of the student ambassador program in which K.S. participated, as CEO and President of People to People International. Defendants made this representation in various ways, including but not limited to: talking about Mary Eisenhower in its orientation meetings, sending a letter to Plaintiff K.S. signed by

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 11

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1  "Mary Jean Eisenhower, President and CEO, People to People International," and
2  by including a welcome letter from Mary Eisenhower to student ambassadors on
3  page one of its program guide.

4                  3.21.2.5    Defendants falsely represented that U.S.
5  Presidents George W. Bush, William J. Clinton, George H.W. Bush, Ronald W.
6  Reagan, Gerald R. Ford, Richard M. Nixon, Lyndon B. Johnson, and John F.
7  Kennedy, as honorary chairmen of People to People International, endorsed,
8  sponsored, or in some other way have approved of Defendants' student
9  ambassador programs, including the one in which K.S. participated. Defendants
10 made this representation in various ways, including but not limited to: listing these
11 U.S. Presidents on letters to Plaintiffs and by including their names, photos and
12 quoted statements purportedly made by these presidents in materials sent to
13 Plaintiffs.

14                 3.21.2.6    Defendants falsely represented that
15 Defendants' staff who accompanied the student ambassadors abroad were trained
16 and qualified to appropriately respond the needs of students who became ill on the
17 trip. Defendants made these representations in various ways, including but not
18 limited to: statements made to Plaintiffs in informational meetings, on the program
19 website, and in other informational materials.

20

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 12

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

3.21.2.7    Defendants falsely represented that if K.S. purchased medical insurance to cover her health care needs during and as a result of the trip, K.S. would have access to proper health care at all times while abroad. Defendants made these representations in various ways, including but not limited to: statements made to Plaintiffs in informational meetings, the insurance policy, and in other informational materials.

3.21.2.8    Defendants falsely represented that K.S. was eating and the leaders would monitor K.S.'s meals and make sure that she continued to eat appropriately. Defendants made these representations to Plaintiff Dorothy Spiotta when she contacted the programs' leaders and expressed concern about her daughter.

3.21.3    These representations of existing facts are material because a reasonable person would attach importance to their existence or nonexistence in determining whether to participate in Defendants' program or whether to withdraw his or her child's participation in the program; or because Defendants knew or had reason to know that the recipients of those facts regard those matters as important in determining whether to participate in Defendants' programs or to withdraw their child from the program.

3.21.4    Defendants' representations were false and Defendants knew of their falsity.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 13

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9157.1 bj282201

3.21.5   Defendants intended that their representations be acted upon by consumers to whom their representations were made, including Plaintiffs.

3.21.6   Plaintiffs were ignorant as to the falsity of Defendants' representations at the time the representations were made and at the time Plaintiffs relied on them;

3.21.7   Plaintiffs reasonably relied on the truth of Defendants' representations at the time they applied for K.S. to participate in Defendants' programs, and repeatedly after her acceptance and throughout the duration of the trip.

3.21.8   As a proximate cause of Plaintiffs' reliance on Defendants' material misrepresentations of existing fact, K.S. suffered damages to person and property, including but not limited to future medical and insurance expenses, the cost of the program, physical pain and suffering, physical injuries, disability, emotional distress, disfigurement, loss of the enjoyment of life, loss of companionship, and damage to the parent-child relationship.

3.21.9   As a proximate cause of Plaintiffs' reliance on Defendants' material misrepresentations of existing fact, Dorothy and Paul Spiotta suffered damages to person and property, including but not limited to past and future medical and insurance expenses for K.S., the cost of the program and insurance, travel expenses, lost wages, and other expenses incurred due to the

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 14

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

hospitalization and treatment of K.S, loss of companionship with their child and damage to the parent-child relationship.

### 3.22   THIRD CLAIM FOR RELIEF

*Violation of the Consumer Protection Act*

3.22.1    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

3.22.2    As set forth in paragraph 3.21.2 above, Defendants engaged in unfair deceptive acts or practices, including but not limited to: making various misrepresentations to Plaintiffs and the public regarding the student ambassador program's history, founder, chairmen, CEO and president; meals abroad; its health and safety protocols and benefits of medical insurance; the qualifications and training of its staff to care for student ambassadors in their custody; the sponsorship and approval of their services; their affiliations, connections, or associations with each other; and represented that its services were of a particular standard and quality.

3.22.3    These acts and practices had the capacity to deceive a substantial portion of the public.

3.22.4    Defendants' unfair deceptive acts or practices occurred in the conduct of trade or commerce in that defendants were engaged in the sale of student travel services.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 15

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9157.1 bj282201

        3.22.5     Defendants' unfair deceptive acts or practices have an impact on the public interest because defendants use and rely on these acts or practices to convince students and their parents in Washington, Virginia, and nationwide to enroll students in their programs and entrust minor children in defendants' care while traveling abroad.

        3.22.6     Plaintiffs relied on defendants' misrepresentations.

        3.22.7     As a result, plaintiff K.S. suffered damages to her property and business, including the cost of the trip, and future medical and insurance expenses. K.S. also suffered other actual damages including but not limited to: emotional distress, physical pain and suffering, physical injuries, disability, disfigurement, loss of companionship, and damage to the parent-child relationship.

        3.22.8     As a result, plaintiffs Dorothy and Paul Spiotta suffered damages to their property and business, including the cost of the trip and insurance, travel expenses, lost wages, past and future medical and insurance expenses for K.S., and other expenses incurred due to the hospitalization and treatment of K.S. They also suffered other actual damages including loss of companionship with their child, and damage to the parent-child relationship.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 16

9157.1 bj282201

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

### 3.23 FOURTH CLAIM FOR RELIEF

*Breach of Contract*

3.23.1  Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

3.23.2  Plaintiffs Dorothy and Paul Spiotta entered into a contract with defendants.

3.23.3  Defendants breached the contract by failing to reasonably supervise and monitor K.S., failing to provide nutritious food choices to the student delegates, and failing to take action when K.S. became ill.

3.23.4  As a result of Defendants breach, plaintiffs Dorothy and Paul Spiotta suffered damages including the cost of the trip and insurance, travel expenses, lost wages, past and future medical and insurance expenses for K.S., and other expenses incurred due to the hospitalization and treatment of K.S.

### IV.  REQUEST FOR RELIEF

WHEREFORE, plaintiffs request relief as follows:

4.1  Compensatory damages as described above, in amounts to be proven at trial.

4.2  Refund of the full amount paid by Plaintiffs to Defendants for the trip, and paid by plaintiffs for medical insurance during the trip.

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 17

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1    4.3    Attorney fees and costs of suit pursuant to RCW 19.86.090 and any other applicable statute.

4.4    Treble damages pursuant to RCW 19.86.090 and any other applicable statute.

4.5    Punitive damages to the extent allowable by law.

4.6    Injunctive relief as necessary to prevent future harm.

4.7    The right to conform the pleadings to the proof and evidence presented at trial.

4.8    Such other relief as the Court deems just and equitable

DATED this 29 day of October, 2008.

MacDONALD HOAGUE & BAYLESS

By /s/
Timothy K. Ford, WSBA #5986
tmf@mhb.com
Katherine C. Chamberlain, WSBA #40014
katherinec@mhb.com
Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 18

9157.1 bj282201

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2008, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Kenneth L Isserlis**
  kisserlis@leeisserlis.com,lkellerman@leeisserlis.com
- **Brian T Rekofke**
  btr@wkdtlaw.com,kimh@wkdtlaw.com
- **Geana Van Dessel**
  gmv@wkdtlaw.com,lisaj@wkdtlaw.com

By _____
Timothy K. Ford, WSBA #5986
timf@mhb.com
Katherine C. Chamberlain, WSBA #40014
katherinec@mhb.com
Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT FOR DAMAGES (CV-08-243-FVS) - 19

9157.1 bj282201

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961