BRIAN T. REKOFKE
GEANA M. VAN DESSEL
WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201-0300
Phone: 509-624-5265; Fax: 509-458-2717

JERRY S. PHILLIPS, admitted *pro hac*
LOEB & LOEB
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Phone: 310-282-2000; Fax: 310-282-2200

Counsel for Defendants Ambassador Programs, Inc.,
and Ambassadors Group, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| K.S. by her interim guardians ad litem, and DOROTHY SPIOTTA and PAUL SPIOTTA,<br><br>Plaintiffs,<br><br>v.<br><br>AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., and PEOPLE TO PEOPLE INTERNATIONAL,<br><br>Defendants. | No. CV 08-243-FVS<br><br>MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS |

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 1

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## I. NATURE OF CASE & RELIEF SOUGHT

Plaintiffs seek nearly a million dollars from Defendants under Virginia law for alleged injury to the relationship between K.S. and her parents, Paul and Dorothy Spiotta. Since plaintiffs have not pled a cause of action under which those damages are recoverable, Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss those damages.

Assuming, for purposes of this motion, that the complaint is governed by Virginia law, as Plaintiffs allege, the complaint fails to state a plausible claim for Paul and Dorothy Spiotta because Virginia simply does not recognize a claim for loss of consortium. Although absent from the complaint, to the extent that Paul and Dorothy Spiotta intend to seek recovery for emotional distress damages separate from their alleged consortium loss, their complaint likewise fails to state a claim allowing recovery of those damages.

## II. STATEMENT OF RELEVANT FACTS

1. Plaintiffs' third amended complaint for damages (hereinafter "complaint") pleads causes of action for negligence, fraud, violation of the Consumer Protection Act, and breach of contract. (Ct. Rec. 75).

2. According to Plaintiffs, their negligence, fraud and violations of the consumer protection act are governed by Virginia law. (Ct. Rec. 75, at 17-18).

3. As damages for alleged negligence, fraud and violation of the Consumer Protection Act, Paul and Dorothy Spiotta seek to recover for "loss of companionship

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 2

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

with their child, and damage to the parent-child relationship." (Ct. Rec. 75, at 9, 15, and 16).

4.  Plaintiffs' operative complaint does not plead a cause of action for loss of consortium. (Ct. Rec. 75).

5.  Neither Paul Spiotta nor Dorothy Spiotta seek the recovery of emotional distress damages in connection with any of the claims pled in Plaintiffs' complaint. (Ct. Rec. 75, at 8-17).

6.  According to Plaintiffs' Rule 26 initial disclosures, Paul and Dorothy Spiotta seek $960,000.00 in damages for "loss of companionship with [their] child and damage to the parent-child relationship and the associated emotional distress." Plaintiffs' First Supplemental Initial Disclosures, at 52-53 (Declaration of Geana M. Van Dessel, Ex. A).

### III. ARGUMENT

A.  **A COMPLAINT MUST BE DISMISSED WHEN IT FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a claim where a complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for "all civil

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

actions[.]'"). On its face, Plaintiffs' complaint fails to state a plausible claim under which Paul and Dorothy Spiotta could recover damages for loss of consortium and emotional distress.

**B. PAUL AND DOROTHY SPIOTTA CANNOT RECOVER CONSORTIUM DAMAGES BECAUSE VIRGINIA DOES NOT RECOGNIZE A CAUSE OF ACTION FOR LOSS OF CONSORTIUM.**

Virginia law does not allow any causes of action for loss of consortium. *See* Va. Code § 55-36 and *Wolford v. Budd Co.*, 149 F.R.D. 127 (W.D.Va. 1993). In *Wolford*, the plaintiffs sought damages for the "loss of comfort, companionship, society and services suffered" by the wife of the injured plaintiff/husband. 149 F.R.D. at 128. The defendant moved to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the plaintiffs were seeking damages for loss of consortium, a claim not recognized in Virginia. 149 F.R.D. at 128-129, 132. The *Wolford* Court granted the motion to dismiss the consortium claim and limited the plaintiffs' recovery to the husband's injuries. Any loss that the wife may have suffered was dismissed, because "under the Code of Virginia and judicial interpretation thereof, neither spouse may recover for loss of consortium arising out of injury to the other spouse." *Id.*, at 1132.

Virginia has also held that the prohibition on general consortium damages extends beyond the loss of comfort, companionship and society. It also precludes a claim of special damages in the form of medical expenses of the non-injured spouse. *See Bolen v. Bolen*,

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

409 F.Supp. 1374 (W.D.Va. 1976) (dismissing husband's claim for hospital and medical expenses incurred by him in connection with the injuries allegedly suffered by his wife and for the loss of his wife's services or consortium because husband has no cause of action under Virginia Code).

Last, there is no recognized cause of action for loss of consortium between a parent and child under Virginia law. *See e.g., Kerstetter v. United States*, 57 F.3d 362, 364 (1995). In *Kerstetter*, the parents filed a medical negligence action on behalf of their daughter. 57 F.3d at 364. The parents sought recovery for their own medical expenses as well as damages for loss of services and emotional distress. *Id.* The court dismissed the parents' claims, ruling that the parents could not bring a cause of action for emotional distress or loss of companionship with their daughter under Virginia law. *Id.*

If, as Plaintiffs assert, Virginia law governs their claims, Paul and Dorothy Spiotta cannot recover loss of consortium damages. The Court should dismiss Paul and Dorothy Spiotta's claim for damages for loss of consortium.

C. **PAUL AND DOROTHY SPIOTTA CANNOT RECOVER THEIR LOSS OF CONSORTIUM DAMAGES AS DISGUISED EMOTIONAL DISTRESS DAMAGES.**

    1. **Plaintiffs' Complaint Does Not Seek Recovery of Emotional Distress Damages for Paul or Dorothy Spiotta.**

Neither Paul nor Dorothy Spiotta allege any emotional distress damages under Plaintiffs' operative complaint. *See supra*, Statement of Relevant Facts. Plaintiffs'

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 5

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

complaint does not give Defendants any notice that Mr. and Mrs. Spiotta intend to seek recovery for emotional distress damages under any theory. *Id.* Despite the lack of allegations in their complaint, however, Plaintiffs' Rule 26 initial disclosures suggest that Mr. and Mrs. Spiotta intend to seek the recovery of emotional distress damages, separate from their alleged consortium damages. *Id.* To the extent that Mr. and Mrs. Spiotta intend to pursue emotional distress damages separate from their loss of consortium damages, or as a subset thereof, Plaintiffs' complaint fails to state any plausible claim under Virginia law allowing such recovery.

### 2. Paul and Dorothy Spiotta Cannot Recover Emotional Distress Damages Under Virginia Law Because They Did Not Suffer Any Physical Injury.

Under Virginia law, the general rule is that damages for emotional distress "are not recoverable unless they result directly from tortiously caused physical injury." *Naccash v. Burger*, 290 S.E.2d 825, 830 (1982). The exception to the rule is intentional, reckless, outrageous and intolerable conduct specifically intending to inflict emotional distress. *See Womak v. Eldridge*, 210 S.E.2d 145, 147 (1974) and *Hughes v. Moore*, 197 S.E.2d 214 (1973).

In *Womak* the court stated the factors establishing the exception to the general rule as follows:

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 6

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

> ... that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency. . . . Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

210 S.E.2d at 148. The *Womak* exception is clearly not applicable here because Plaintiffs' complaint does not allege any of the four factors cited above.

In *Hughes*, the court allowed recovery for non-impact-related negligent infliction of emotional distress, but only where physical injury resulted as manifested by objective symptoms. 197 S.E.2d at 219. That exception is inapplicable because neither Paul nor Dorothy Spiotta allege that they suffered any objective physical symptoms or injury as a result of the Defendants' alleged wrongdoing. In the absence of any such direct physical harm to Mr. and Mrs. Spiotta, they cannot recover for anxiety or emotional distress under Virginia law.

## IV. CONCLUSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants request a ruling from the Court that Plaintiffs' operative complaint fails to state a plausible claim for relief under Virginia law allowing Paul and Dorothy Spiotta to recover damages for loss of consortium or associated emotional distress.

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR
DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL
DISTRESS - 7

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

DATED this 16th day of July 2009.

| | |
|---|---|
| EVANS, CRAVEN & LACKIE, P.S. | WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S. |
| /s/ James B. King<br>JAMES B. KING, WSBA No. 8723<br>Email: jking@ecl-law.com<br>818 W Riverside Ave., Suite 250<br>Spokane, WA  99201-0994<br><br>Counsel for Defendant<br>People to People International | /s/ Geana M. Van Dessel<br>BRIAN T. REKOFKE, WSBA No. 13260<br>Email: btr@wkdtlaw.com<br>GEANA M. VAN DESSEL, WSBA No. 35969<br>Email: gmv@wkdtlaw.com<br>422 W. Riverside Ave., Suite 1100<br>Spokane, Washington  99201-0300<br><br>LOEB & LOEB<br>JERRY S. PHILLIPS, admitted *pro hac*<br>Email: jphillips@loeb.com<br><br>Counsel for Defendants Ambassador Programs, Inc., & Ambassadors Group, Inc. |

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS - 8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2009:

1. I electronically filed the foregoing **Memorandum in Support of Defendants' Joint Motion to Dismiss Paul and Dorothy Spiotta's Claims for Damages for Loss of Consortium and Emotional Distress** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Timothy K. Ford: | timf@mhb.com |
| Katherine C. Chamberlain: | katherinec@mhb.com |
| Kenneth Isserlis: | kisserlis@leeisserlis.com |
| James B. King: | jking@ecl-law.com |

/s/ Emily Rousseau
Emily Rousseau, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
emilyr@wkdtlaw.com

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS - 9

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265