BRIAN T. REKOFKE
GEANA M. VAN DESSEL
WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P .S.
422 W. Riverside Ave., Suite 1100
Spokane, Washington  99201-0300
Phone:  509-624-5265; Fax: 509-458-2717

JERRY S. PHILLIPS, admitted *pro hac*
LOEB & LOEB
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Phone: 310-282-2000; Fax: 310-282-2200

Counsel for Defendants Ambassador Programs, Inc.,
and Ambassadors Group, Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| K.S. by her interim guardians ad litem, and DOROTHY SPIOTTA and PAUL SPIOTTA, <br><br> Plaintiffs, <br><br> v. <br><br> AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., and PEOPLE TO PEOPLE INTERNATIONAL, <br><br> Defendants. | No. CV 08-243-FVS <br><br> REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS |

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

# I. SUMMARY OF REPLY

Plaintiffs' operative complaint, their third, fails to plead a plausible claim allowing Paul and Dorothy Spiotta to recover damages for loss of companionship with their daughter because neither Virginia common law nor Virginia code recognizes a claim for loss of companionship, and "loss of services" is not loss of consortium. Further, with the exception of their fraud claim, Plaintiffs' complaint fails to plead a claim allowing recovery of emotional distress damages because they have not suffered any physical injury. Moreover, their complaint does not plead any facts triggering the narrow exceptions to the general rule in Virginia prohibiting parents from recovering damages for their own emotional distress resulting from negligent injury to their child.

# II. ARGUMENT

**A.** **VIRGINIA LAW DOES NOT RECOGNIZE A CAUSE OF ACTION FOR LOSS OF COMPANIONSHIP BETWEEN A PARENT AND A CHILD OUTSIDE OF A WRONGFUL DEATH SUIT BECAUSE A CLAIM FOR LOSS OF SERVICES IS NOT THE SAME AS A CLAIM FOR LOSS OF COMPANIONSHIP.**

Plaintiffs's complaint seeks recovery for loss of companionship between Paul and Dorothy Spiotta and their child, and damage to the parent-child relationship. This claim is not recoverable under Virginia law outside of a wrongful death claim, and Plaintiffs have not cited one case where such damages were actually awarded. Instead, Plaintiffs argue that

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

this Court should award loss of companionship damages as a claim for "loss of services," which is recognized under Virginia law. This argument is misplaced for two reasons.

First, Plaintiffs do not claim loss of services which consists of medical and treatment expenses and are recoverable under other claims actually pled in the complaint. Second, the very cases cited by Plaintiffs prove that a claim for loss of companionship is not the same as a claim for loss of services and that loss of services do not include the loss of companionship allegedly suffered by Paul and Dorothy Spiotta.

### 1. The Virginia Code Only Permits the Recovery of Loss of Companionship Damages In A Wrongful Death Case.

When the Virginia legislature wanted to permit the recovery of damages for loss of companionship, it did just that. *See e.g.,* Va. Code Ann. 8.01-50, et seq. Virginia's wrongful death statute specifically provides for special damages, including loss of society, companionship, and comfort. *Id.* Those damages, however, are specific to Virginia's wrongful death statute. Virginia does not have a statute permitting the recovery of loss of companionship damages outside of the wrongful death statute.

### 2. The Virginia Common Law Recognizes A Claim By A Parent For Loss of A Child's Services, Which Includes Medical and Treatment Expenses.

Virginia's common law recognizes a cause of action by a parent for "loss of services." Damages for loss of services, however, consists of medical and treatment expenses and the actual value of the services that a child might provide to the parents. They do not include

REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO
DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES
FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS – 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  damages for loss of companionship or damages to the parent-child relationship which

2  Plaintiffs seek here.  The primary case relied upon by Plaintiffs, *Moses v. Akers*, makes that

3  clear:

> Two causes of action ordinarily arise as the result of an injury by wrongful act
> to an unemancipated minor:  One cause of action on behalf of the minor to
> recover damages for the injury . . . and the other on **behalf of the parent for
> loss of services during minority and necessary expenses incurred for the
> minor's treatment.** *Watson v. Daniel*, 165 Va. 564, 183 S.E. 183 (1936).  **The
> parent's cause of action is founded upon the principle that he is primarily
> responsible for the necessary expenses incurred in curing or relieving the
> infant of his injuries.**

10  122 S.E.2d 864, 865-66 (Va. 1961) (emphasis added).

11  Contrary to Plaintiffs' assertion, the *Moses* case does not state that Virginia allows

12  a claim for recovery of loss of companionship damages and damage to the parent-child

13  relationship.  The quoted language relied upon by Plaintiffs speaks only of damages for

14  medical expenses and expenses related to treating the child's injury.

15  The *Moses* Court also explained that Virginia's Code now recognizes the common

16  law rule recognizing a parent's cause of action for loss of services.  *Id.* (citing Va. Code 8-

17  629, which is now codified in part at 8.01-36).  That statute states, in pertinent part:

> Where there is pending any action by an infant plaintiff against a tort-feasor for
> a personal injury, any parent . . . who is entitled to recover from the same tort-
> feasor the **expenses of curing or attempting to cure such infant from the
> result of such personal injury,** may bring an action against such tort-feasor
> for such expenses. . . .

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

That statute illustrates that loss of services relate only to economic expenses incurred by the parent in caring for the child. The statute says nothing about recovery of damages for loss of companionship or intangible damages to the parent-child relationship.

Plaintiffs' reliance on *Watson v. Daniel*, 165 Va. 564, 183 S.E. 183 (1936), is also misplaced. The holding of *Watson* is codified in Virginia Code § 8.01-243(B), a statute of limitations. The section provides, in pertinent part:

> Every action for <u>injury to property</u>, including actions by a parent . . . of an infant against a tort-feasor for expenses of curing or attempting to cure such infant from the result of a personal injury or <u>loss of services</u> of such infant, shall be brought within five years . . . .

Under *Watson*, a claim for loss of services is a claim for property damage; the injury to the parents is not to their bodies or their minds; the injury is to the parents' estate and it is only for the cost of medical and related treatment expenses. A claim for loss of services is not a claim for loss of companionship or damages to the parent-child relationship. In fact, Plaintiffs' brief cites an unpublished Virginia state court opinion to this Court, holding exactly that. *See Delk v. Edens*, 2001 WL 1772693 (Va. Cir. Ct).

In *Delk*, the issue before the Court was to determine whether "loss of services of such infant" within the Virginia Code includes loss of society or companionship allegedly suffered by a parent. *Id.*, at *1. The Court said that a claim for damages based on the loss of society and companionship "is not a part of, equivalent to or included in the 'loss of

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  services' statutory claim." *Id.*, at *3. Plaintiffs argue that the unpublished *Delk* case stands

2  for the proposition that Virginia recognizes a cause of action for loss of companionship

3  separate from a claim for loss of services, but a careful reading of the case illustrates that

4  that was not the holding; the Court was never asked to opine on whether Virginia supports a

5  cause of action for loss of companionship and society, separate from a statutory cause of

6

7  action for loss of services.

8  Plaintiffs attempt to gloss over, but cannot ignore, *Kerstetter v. United States*, 57 F.3d

9  362 (1995).  In that case, the Virginia district court dismissed the parents' claims for

10  emotional distress and loss of companionship on the basis that those claims were not

11

12  cognizable under Virginia law, and the Court of Appeals specifically noted this without

13  disapproval. *Id.*, at 364.

14  Plaintiffs' operative complaint does not plead a statutory claim for loss of services.

15  Instead, Paul and Dorothy Spiotta seek damages for loss of companionship and alleged

16

17  damage to the parent-child relationship.  Those damages, however, are not recoverable

18  under the common law of Virginia or Virginia code.  Defendants are entitled to dismissal

19  of Paul and Dorothy Spiotta's claims for loss of companionship and damage to the parent

20

21  child relationship.

22

23

24

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

**B.   PLAINTIFFS' RECOVERY OF EMOTIONAL DISTRESS DAMAGES UNDER VIRGINIA LAW IS LIMITED TO PLAINTIFFS' FRAUD CLAIM.**

If they can't recover loss of companionship damages as a specific claim, Plaintiffs argue that they should instead be entitled to recover those damages as "emotional distress" damages. Plaintiffs admit that the general rule in Virginia is that damages for emotional distress are not allowable unless they result directly form tortiously caused physical injury. *See* Ct. Rec. 82, at 8. Plaintiffs contend, however, that they fall into the exceptions allowed in *Naccash, infra*, and *Womack, infra*. As shown below, Plaintiffs' complaint does not plead sufficient facts allowing recovery of emotional distress damages for Defendants' alleged negligent conduct under either exception. Plaintiffs may recover emotional distress damages only if they prevail on their fraud claim.

**1.    The *Naccash* Exception Is Inapplicable Because This Is Not A Wrongful Birth Case.**

In *Naccash v. Burger*, 223 Va. 406 (1982), the Virginia Supreme Court recognized a very narrow exception to the general rule prohibiting parents from recovering damages for their own emotional distress resulting from negligent injury to their child. In *Naccash*, a medical malpractice suit for wrongful birth, the court allowed the parents of a fatally-diseased infant to recover mental anguish damages from a negligent physical injury for the child's wrongful birth, concluding that the defendant's improper diagnoses of the fetus' condition deprived the parents of the opportunity to accept or reject the continuance of the

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

mother's pregnancy and the birth of her fatally defective child. *Id.* The parents were not third-party bystanders; they suffered a direct injury; it was the parents' blood that was tested and mishandled, and incorrectly reported as negative. *See id.* The necessary "direct injury" sustained by the parents was that the option of having an abortion was taken away from the parents who testified that had they known about the existence of the fatal birth defect, they would have aborted the pregnancy. *Id.*

Plaintiffs' attempt to apply the *Naccassh* exception to this case must be rejected for two reasons. First, no such direct injury is alleged here by Paul and Dorothy Spiotta. *See e.g., Doe v. Irvine Scientific Sales Co., Inc.*, 7 F.Supp.2d 737 (1998) (holding the *Naccash* exception was inapplicable because the parents did not allege a physical injury). Second, even if such injury were alleged, *Naccash* is inapplicable here because the Virginia Supreme Court explicitly stated that the *Naccash* exception to the physical injury rule is unique and "confined to its particular facts". *Myseros v. Sissler*, 239 Va. 8, 9 n.2, 387 S.E.2d 463 (1990) (Virginia Supreme Court reiterated its holding of *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973), to the effect that damages are not recoverable for emotional distress in the absence of physical injury unless the conduct is willful, wanton or vindictive); *Ney v. Landmark Educ. Corp.*, 16 F.3d 410 (1994); *see also Timms v. Rosenblum*, 713 F.Supp. 948, 955 (1989) ("Plaintiffs' heavy reliance on the *Naccash* and *Bulala* decisions is misplaced. These decisions are *sui generis* and this Court finds no warrant in Virginia law for extending

REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO
DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES
FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS – 8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1    those decisions beyond the specific egregious facts there presented."), *aff'd* 900 F.2d 256

2    (4th Cir. 1990) (Table).  The *Naccash* exception is inapplicable here and it does not allow

3    Paul and Dorothy Spiotta to recover emotional distress damages under their theories of

4    negligence.

5

6        **2.    The *Womack* Exception Is Inapplicable Because Plaintiffs' Complaint
             Does Not Allege Outrageous and Intolerable Actions or Severe Emotional
7             Distress.**

8        *Womack v. Eldridge*, 210 S.E.2d 145, 147 (1974) acknowledges an exception to the

9    general rule that damages for emotional distress are not recoverable absent physical injury.

10   There are four factors to the *Womack* exception.  The conduct complained of must be

11   "intentional or reckless"; the conduct must be "outrageous and intolerable in that it offends

12   against the generally accepted standards of decency"; there must be a causal connection

13   between the conduct complained of and the emotional distress; and the emotional distress

14   must be severe. *Id.*, at 148.  Because emotional distress claims are not favored, the *Womack*

15   test specifically requires a plaintiff to <u>plead</u> all facts necessary to prove by clear and

16   convincing evidence all four prongs of the test. *Russo v. White*, 241 Va. 23, 28, 400 S.E.2d

17   160 (1991).  There are no such allegations in this case.  Specifically, Plaintiffs' complaint

18   fails to plead outrageous conduct or severe emotional distress.

19       Plaintiffs' complaint does not allege facts sufficient to satisfy the second element of

20   the *Womack* test – the outrageous requirement.  Even if the Court assumes for the sake of

Reply Brief in Support of Defendants' Joint Motion to
Dismiss Paul and Dorothy Spiotta's Claims for Damages
for Loss of Consortium and Emotional Distress – 9

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  argument that Plaintiffs' claim for fraud pleads intentional behavior satisfying the first

2  element, Plaintiffs' complaint does not allege any outrageous and intolerable conduct. "It

3  is insufficient for a defendant to have acted with an intent which is tortious or even criminal.

4  Rather, liability has been found only where the conduct has been so outrageous in character,

5

6  and so extreme in degree, as to go beyond all possible bounds of decency, and to be

7  regarded as atrocious, and utterly intolerable in a civilized community." *Harris v. Kreutzer*,

8  271 Va. 188, 624 S.E.2d 24 (2006) (citations and internal quotations omitted). A Rule 12

9

10 motion for dismissal is appropriate for dismissing claims of emotional distress because "it

11 is for the court to determine, in the first instance, whether the defendant's conduct may

12 reasonably be regarded as so extreme and outrageous as to permit recovery. . . ." *Id.*, at 204

13 (citation omitted); *Ruth v. Fletcher*, 237 Va. 366, 377 S.E.2d 412 (1989). Plaintiffs'

14 complaint fails to allege facts sufficient to meet the *Womack* standard for outrageous and

15

16 intolerable conduct.

17     Plaintiffs' complaint also fails to plead the fourth element of the *Womack* test –

18 severe emotional distress. Liability for intentional infliction of emotional distress "arises

19 only when the emotional distress is extreme, and only where the distress inflicted is so

20

21 severe that no reasonable person could be expected to endure it." *Russo*, 241 Va. at 27, 400

22 S.E.2d at 163. In *Russo*, the court held that a plaintiff complaining of nervousness, sleep

23 deprivation, stress and its physical symptoms, withdrawal from activities, and inability to

24

REPLY BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO
DISMISS PAUL AND DOROTHY SPIOTTA'S CLAIMS FOR DAMAGES
FOR LOSS OF CONSORTIUM AND EMOTIONAL DISTRESS – 10

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  concentrate at work failed to allege a type of emotional distress that is so severe that no

2  reasonable person could be expected to endure it. *Id.*, at 28, 400 S.E.2d at 163.

3      In this case, Plaintiffs' complaint does not contain any allegations of severe emotional

4

5  distress. Plaintiffs allege only that they were separated from their daughter and suffered a

6  loss of love and companionship and attendant emotional distress. Plaintiffs' complaint fails

7  to allege facts sufficient to satisfy the fourth element of the *Womack* test. Paul and Dorothy

8  Spiotta's claim for emotional distress does not survive under the *Womack* exception.

9
       **3.    Plaintiffs' Claim for Violation of Virginia's Consumer Protection Act Does
10            Not Provide An Additional Exception to the General Rule Regarding
              Emotional Distress Damages.**
11

12      Plaintiffs argue that Paul and Dorothy Spiotta can recover loss of companionship

13  damages as emotional distress damages under Plaintiffs' claim for violation of Virginia's

14
   consumer protection act. Defendants do not dispute that one federal district court case does
15
   conclude that the "actual damages" are available under the Consumer Protection Act, Va.
16
17  Code Ann. 59.1-204, include emotional distress damages. *See Barnett v. Brook Road, Inc.*,

18  429 F.Supp.2d 741 (E.D. Va. 2006). Plaintiffs provide no authority, however, for the

19  proposition that this somehow means the Plaintiffs get to ignore the general rules attendant

20
   to the recovery of emotional distress damages.
21

22

23

24

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1    **4.    Paul and Dorothy Spiotta May Recovery Emotional Distress Damages**
     **Only If They Prevail On Their Fraud Claim.**

2

3         Virginia law does not permit the recovery of emotional distress or mental anguish in

4    breach of contract claims absent alleged conduct rising to the level of a separate and

5    independent tort.   *See Sea-Land Serv., Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982).

6    Defendants recognize that if Plaintiffs survive a motion to dismiss their fraud claim, and if

7    Plaintiffs prevail on their fraud claim, they are entitled to ask a jury to award emotional

8

9    distress damages for the emotional distress suffered as a direct result of the fraud.  This is

10   the only plausible claim pleaded in Plaintiffs' operative complaint, however, under which

11   Paul and Dorothy can seek recovery of emotional distress damages.  Defendants request a

12

13   ruling from the Court dismissing Paul and Dorothy Spiotta's claim for emotional distress

14   damages except to the extent that Plaintiffs prove fraud.

15   **C.    DEFENDANTS' MOTION TO DISMISS CLAIMS FROM PLAINTIFFS' THIRD AMENDED**
     **COMPLAINT IS NOT PREMATURE WHERE THIS ACTION HAS BEEN PENDING FOR**
16   **MORE THAN A YEAR AND A RULE 12 MOTION CAN BE MADE AT ANY TIME.**

17

18        Plaintiffs filed this lawsuit thirteen months ago.  (Ct. Rec. 1).  They filed their third

19   amended complaint in April 2009. (Ct. Rec. 75).  That complaint (which specifically pleads

20   Virginia law) sought to clarify that they sought relief under Virginia law after Defendant

21   made a motion under Washington law.

22

23

24

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Pursuant to Rule 12, Defendants filed the instant motion to seek dismissal of Paul and Dorothy Spiotta's claims for damages for loss of companionship and emotional distress on under Virginia law, because recovery of those damages is simply not allowed. Despite the length of time this case has been pending, and despite specifically claiming the protection of Virginia law, Plaintiffs argue that Defendants cannot seek dismissal because Virginia law might not be the governing law.

Defendants do not concede that Virginia law is the operative law for Plaintiffs' claims. Given that the complaint specifically pleads claims under Virginia law, however, Defendants are entitled to indulge that assertion for purposes of this Motion, and demonstrate that there simply is no recovery for the specific damages sought. This is neither a request for  an advisory opinion nor a waste of judicial resources. Resolution of the Motion should not be delayed by Plaintiffs' unfounded prematurity argument and a vague assertion they may change their mind again as to the applicable law.

### III.  CONCLUSION

Plaintiffs' complaint fails to plead a claim for emotional distress to satisfy any exception to the general rule precluding parents from recovering damages for their own emotional distress resulting only from negligent injury to their child, rather than a personal physical injury to the parent. Plaintiffs' fraud claim is the only plausible claim in Plaintiffs' complaint under which Paul and Dorothy Spiotta can seek recovery of emotional distress,

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  and Defendants' motion to dismiss should be granted to that extent.  Further, Paul and

2  Dorothy Spiotta's claim for loss of companionship damages must be dismissed because

3  Virginia does not recognize such a cause of action under common law or statute.

4  
5       DATED this 6th day of August 2009.

6                                    WITHERSPOON, KELLEY, DAVENPORT
                                     & TOOLE, P.S.
7  
8                                    _____
                                     BRIAN T. REKOFKE, WSBA No. 13260
9                                    Email: btr@wkdtlaw.com
                                     GEANA M. VAN DESSEL, WSBA No. 35969
10                                   Email: gmv@wkdtlaw.com
                                     422 W. Riverside Ave., Suite 1100
11                                   Spokane, Washington  99201-0300

12 
13                                   LOEB & LOEB
                                     JERRY S. PHILLIPS, admitted *pro hac*
14                                   Email: jphillips@loeb.com
                                     10100 Santa Monica Boulevard, Suite 2200
15                                   Los Angeles, CA 90067

16 
17                                   Counsel for Defendants Ambassador Programs, Inc.,
                                     and Ambassadors Group, Inc.

18                                   EVANS, CRAVEN & LACKIE, P.S.
19 
20                                   */s/ James B. King*_____
                                     JAMES B. KING, WSBA No. 8723
21                                   Email: jking@ecl-law.com
                                     818 W Riverside Ave., Suite 250
22                                   Spokane, WA  99201-0994

23                                   Counsel for Defendant People to People International
24 

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2009:

1.     I electronically filed the foregoing **Reply Brief in Support of Defendants' Joint Motion to Dismiss Paul and Dorothy Spiotta's Claims for Damages for Loss of Consortium and Emotional Distress** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Timothy K. Ford: | timf@mhb.com |
| Katherine C. Chamberlain: | katherinec@mhb.com |
| Kenneth Isserlis: | kisserlis@leeisserlis.com |
| James B. King: | jking@ecl-law.com |

2.     I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: NONE.

3.     I hereby certify that I have hand delivered the document to the following participants at the address listed below: NONE.

*/s/ Emily Rousseau*
Emily Rousseau, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
emilyr@wkdtlaw.com

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265