BRIAN T. REKOFKE
GEANA M. VAN DESSEL
WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P .S.
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201-0300
Phone: 509-624-5265; Fax: 509-458-2717

JERRY S. PHILLIPS, admitted *pro hac*
LOEB & LOEB
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Phone: 310-282-2000; Fax: 310-282-2200

Counsel for Defendants Ambassador Programs, Inc., and Ambassadors Group, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| K.S. by her interim guardians ad litem, and DOROTHY SPIOTTA and PAUL SPIOTTA,<br><br>Plaintiffs,<br>v.<br><br>AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., PEOPLE TO PEOPLE INTERNATIONAL,<br><br>Defendants. | No. CV 08-243-FVS<br><br>MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AGREEMENTS |

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGREEMENTS – 1

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## I. NATURE OF CASE & RELIEF SOUGHT

The Defendants[1] are parties to several business contracts containing privileged, confidential and proprietary material governing licensing rights, intellectual property rights, compensation, policies and procedures of the Defendants' student travel programs and the intimate details of their relationship. The contents of the contracts have never been disclosed to the public. In this lawsuit, the contracts were fully disclosed to Plaintiffs in discovery pursuant to a stipulated confidentiality agreement protecting the contracts from disclosure to the public, while still permitting Plaintiffs a full opportunity to explore the contractual relationship between the Defendants in this lawsuit. Plaintiffs insist, however, that they should be able to disclose the contents of the contracts to the public. Defendants request that the Court enter a protective order prohibiting the Plaintiffs from disclosing the contents of the contracts to the public and requiring the Plaintiffs to file the contracts under seal if the contracts are filed as part of the Court record. Compelling reasons exist to support the entry of such a protective order because disclosure of the contracts to the public is unnecessary, improper and would substantially harm the Defendants.

---

[1] Hereafter, the Defendants will be referred to collectively as "Defendants", Defendant People to People International will be referred to as People to People, and Ambassadors Programs, Inc. and Ambassadors Group will be referred to collectively as "Ambassador."



WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## II. STATEMENT OF FACTS[2]

Ambassador and People to People are parties to several contracts containing confidential and proprietary matter relating to licensing rights, intellectual property rights, compensation, policies and procedures. Decl. Bodholt, ¶ 3. These contracts are securely maintained and access is limited to only a few of Defendants' senior executive members. Decl. Bodholt, ¶ 12; Decl. Eisenhower, ¶ 16. The contracts have never been publicly disclosed and when produced in the discovery phase of any lawsuit, have always been subject to strict protection under court order, recognizing and protecting the confidential and private nature of the information and the proprietary nature of the business information contained within the contracts. Decl. Bodholt, ¶ 11; Decl. Eisenhower, ¶ 13.

During the discovery phase of this lawsuit, the contracts were produced to Plaintiffs under a stipulated agreement prohibiting the Plaintiffs from disclosing the contracts to the public, but still permitting the Plaintiffs a full opportunity to review the contracts and explore the contractual relationship between the Defendants for use in this lawsuit. Decl. Eisenhower, ¶ 4. Mary Eisenhower, President and CEO of People to People, and Jeff Thomas, CEO of Ambassador Programs and CEO and President of Ambassadors Group, were both deposed in this lawsuit; they were thoroughly questioned about the contracts and the Defendants' relationship for use in this litigation. *Id.* The contents of the depositions

---

[2] Defendants incorporate the declarations of Kell Bodholt and Mary Eisenhower.

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGREEMENTS – 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

wherein the contracts were discussed were sealed pursuant to the parties' agreement pertaining to the contracts.

The Defendants' contracts spell out Ambassador's right, and the restrictions on Ambassador's right, to use the trademark-registered and protected People to People service mark and logo in the educational student travel and exchange programs that Ambassador conducts. Decl. Bodholt, ¶ 4. The service marks and logos have value to People to People, and to Ambassador's student travel and exchange programs. Decl. Eisenhower, ¶ 7. The contracts also speak to the terms of, and the restrictions on, People to People's ability to run travel programs; disclosure of this information would arm Ambassador's competitors, thereby harming Defendants. Decl. Bodholt, ¶¶ 4, 9; Decl. Eisenhower, ¶ 8. The contracts specifically govern the Defendants' use of each other's confidential and proprietary information (the result of many years of development and investment and cultivation) which is necessarily disclosed and shared between the Defendants. Bodholt, ¶ 5; Decl. Eisenhower, ¶ 8.

The contracts also reveal the intimate details and expectations of the Defendants' relationship; these details are viewed and maintained as confidential and proprietary by the Defendants and are considered extremely valuable in that they provide a model for educational travel that makes Ambassador's educational travel and exchange programs both unique and successful. Bodholt, ¶¶ 6, 7; Eisenhower, ¶¶ 9, 10. These details, if disclosed

MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR PROTECTIVE ORDER AND
DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AGREEMENTS – 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

after being kept confidential for more than a decade, would give Ambassador's competitors an instant competitive advantage, thereby substantially harming Ambassador. *Id.* Disclosure of the terms of the Defendants' contracts also has the potential to harm People to People's fund-raising activities and efforts which would result in injury to People to People's ongoing programs in this country and around the world. Decl. Eisenhower, ¶ 15.

## III. ARGUMENT

### A. The Court Has Broad Discretion Under Federal Rule of Civil Procedure 26 To Prevent Disclosure of Commercial Information To Protect Private Parties.

Under Federal Rule of Civil Procedure 26(c), the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including": (1) forbidding the disclosure or discovery of specific information, (2) requiring that a deposition, or portions of depositions, be sealed, (3) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. Fed.R.Civ.P. 26(c)(1)(A), (F) and (G). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Rule 26(c) gives the Court "much flexibility in balancing and protecting the interests of private parties." *Kamakana v. Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).



WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

A "good cause" showing is sufficient to seal documents produced in discovery and when filed with the Court in connection with nondispositive motions. *Id.* "Compelling reasons" will support the sealing of documents attached to dispositive motions. *Id.* Here, both standards are satisfied: the Defendants' contracts should not be disclosed to the public during the discovery phase and the contracts should be filed under seal if filed as part of the Court record.

**1. Compelling Reasons Exist To Enter A Protective Order Sealing The Defendants' Contracts If Filed In The Court Record.**

A demonstration of "compelling reasons" is sufficient to support the entry of a protective order requiring the parties to file the Defendants' contracts under seal, if made part of the Court record on a dispositive motion. Under the compelling reasons standard, the court weighs relevant factors; the Court's analysis is reviewed for abuse of discretion. *Pintos v. Pac. Creditors Assoc.*, 565 F.3d 1106, 1116 (9th Cir. 2009). "Relevant factors include the public interest in understanding the judicial process and whether disclosure could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*, n. 6; *Kamakana*, 447 F.3d at 1179 ("In general 'compelling reasons' sufficient to justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGREEMENTS – 6

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

secrets.") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In *Nixon*, the U.S. Supreme Court established that "the right to inspect and copy judicial records is not absolute," and in particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

That is precisely the sort of information Defendants seek to seal in this case. The contracts protect People to People's service marks and logos, which have significant value to People to People, and value to the educational student travel programs operated by Ambassador. Decl. Eisenhower, at 7. The details of the contracts are extremely valuable in that they provide a model for education travel that is unusual and unique to the industry; disclosure of this detailed information to the general public is unnecessary, improper and would result in significant harm to the Defendants. *See* Decl. Bodholt and Decl. Eisenhower. If Defendants' competitors were able to access the confidential and proprietary information contained in Defendants' contracts and the intimate details of Ambassador's model for educational and travel programs, it would give them a specific and significant competitive advantage, thereby harming the Defendants. Release of the confidential and proprietary information embodied in the contracts, including the specific and detailed information regarding royalties and methods of operation, would lead to a substantial competitive advantage for the Defendants' competitors and would result in undue burden

MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR PROTECTIVE ORDER AND
DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AGREEMENTS – 7

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

an expense to the Defendants. *Id.; see e.g., Reilly v. Nedianews Group Inc.*, 2007 WL 196682 (N.D. Cal. 2007).

Defendants have established compelling reasons for the entry of a protective order; the affidavits of Kell Bodholt and Mary Eisenhower establish that disclosure of the Defendants' contracts to the public would serve no legitimate purpose, but would cause significant and substantial harm to the Defendants who have not been, and may not ever be, found liable for anything. Further, the public interest in understanding the judicial process will not be hindered in any way by sealing the Defendants' contracts. The Court should grant Defendants' motion and enter a protective order requiring Plaintiffs to file the Defendants' contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) under seal if made part of the Court record on a dispositive motion.

**2. Good Cause Exists To Maintain The Confidentiality Of The Defendants' Contracts During The Discovery Phase Of This Lawsuit And In Connection With Any Pretrial Motions Filed With The Court.**

Upon a showing of "good cause" the Court has broad latitude to enter an order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). A showing under the "good cause" standard of Rule 26(c) is sufficient to warrant preserving

MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR PROTECTIVE ORDER AND
DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AGREEMENTS – 8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

the confidentiality of material disclosed throughout discovery, as well as materials filed with the Court attached to pretrial motions. *Kamakana*, 447 F.3d at 1180. "Good cause" exists when specific prejudice or harm will result if no protective order is granted. *Phillips*, 307 F.3d at 1210-11.

As established above, Defendants have set forth compelling reasons supporting the entry of a protective order requiring that the Defendants' contracts be filed under seal if made part of the Court record in a dispositive motion. Since the declarations of Mary Eisenhower and Kell Bodholt establish compelling reasons for sealing the Defendants' contracts, their declarations certainly establish the lower burden under the "good cause" standard. *See Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009). Their declarations explain the specific harm and prejudice that will be suffered if a protective order is not entered precluding Plaintiffs from disclosing the Defendants' contracts to the public during this litigation and requiring Plaintiffs to file the contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) under seal if submitted to the Court.

## IV. CONCLUSION

The Defendants request the Court exercise its discretion and enter a protective order preventing the Defendants' contracts, and the confidential and proprietary information

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGREEMENTS – 9

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

contained therein, from being made available to the general public and to the Defendants competitors. Specifically, the Defendants request an order from the Court that:

1. Defendants have established good cause to support the entry of a protective order;

2. Plaintiffs are required to maintain the confidentiality of the contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) throughout this lawsuit;

3. Plaintiffs shall use the contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) solely for purpose of preparation for and trial of this action;

4. The contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) shall only be disclosed or revealed to the parties, their counsel, and all persons working for Plaintiffs' and Defendants' counsel.

5. Plaintiffs are required to file the contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) under seal in connection with any pretrial motion or matter;

6. Defendants have established compelling reasons to support the entry of a protective order requiring the Plaintiffs to file the contracts (and the sealed portions of the deposition transcripts of Ms. Eisenhower and Mr. Thomas) under seal when made part of the Court record in connection with any dispositive motion.

MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR PROTECTIVE ORDER AND
DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AGREEMENTS – 10

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

DATED this 30th day of October 2009.

EVANS, CRAVEN & LACKIE, P.S.

*/s/ James B. King*

JAMES B. KING, WSBA No. 8723
Email: jking@ecl-law.com
818 W Riverside Ave., Suite 250
Spokane, WA 99201-0994

Counsel for Defendant People to People International

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.

*/s/ Geana M. Van Dessel*

BRIAN T. REKOFKE, WSBA No. 13260
Email: btr@wkdtlaw.com
GEANA M. VAN DESSEL, WSBA No. 35969
Email: gmv@wkdtlaw.com
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201-0300

LOEB & LOEB
JERRY S. PHILLIPS, admitted *pro hac*
Email: jphillips@loeb.com

Counsel for Defendants Ambassador Programs, Inc., & Ambassadors Group, Inc

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGREEMENTS – 11

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October 2009:

1. I electronically filed the foregoing **Memorandum in Support of Defendants' Joint Motion for Protective Order and Defendants' Joint Response to Plaintiffs' Motion to Compel Agreements** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Timothy K. Ford: | timf@mhb.com, adanap@mhb.com, colleenf@mhb.com, lindamt@mhb.com |
| Katherine C. Chamberlain: | katherinec@mhb.com, chrisb@mhb.com, jenniferk@mhb.com |
| Kenneth Isserlis: | kisserlis@leeisserlis.com, lkellerman@leeisserlis.com |
| James B. King: | jking@ecl-law.com, kschulman@ecl-law.com |

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: NONE.

3. I hereby certify that I have hand delivered the document to the following participants at the address listed below: NONE.

*/s/ Emily Rousseau*

Emily Rousseau, Legal Assistant
Witherspoon, Kelley, Davenport & Toole, P.S.
422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
emilyr@wkdtlaw.com

MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AGREEMENTS – 12

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265