Timothy K. Ford, WSBA #5986
Katherine C. Chamberlain, WSBA #40014
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
(206) 622-1604

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

K.S. by her guardian ad litem Kenneth L. Isserlis, and DOROTHY SPIOTTA and PAUL SPIOTTA,

Plaintiffs,

v.

AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., PEOPLE TO PEOPLE INTERNATIONAL,

Defendants.

No. CV-08-243-RMP

MEMORANDUM SUPPORTING MOTION FOR CHANGE OF VENUE

Plaintiffs have moved pursuant to 28 U.S.C. §1404(a) for a change of venue to the United States District Court for the Eastern District of Virginia. This Memorandum supports that Motion.

**FACTS UNDERLYING MOTION**

This lawsuit was filed in Spokane instead because of a choice of forum clause in Ambassadors' contract with Plaintiffs that specified that contract disputes had to be brought in the Superior Court of Spokane County. *See* Declaration of Timothy K. Ford Supporting Motion for Change of Venue. For the same reason, the case was originally filed in both Spokane County Superior Court and this

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9157.1 db253204

1   Court, but when Defendants waived objection to federal jurisdiction based on the
2   choice of forum clause, the Spokane County case was dismissed. *See* Dkt. 53.
3         Because significant portions of the events underlying this lawsuit occurred
4   in the Eastern District of Virginia, the case could have been filed there. *See* 28
5   U.S.C. §1391(a)(2). Plaintiffs live in the Eastern District of Virginia. *See* Paul
6   Spiotta Dec., Dkt. 52. Defendants contacted the Spiottas there and invited them to
7   orientations there and recruited them there. *Id.* at 2-4. K.S. left with the
8   Defendants on their Australia trip from the Eastern District of Virginia, and she
9   was returned to her parents there, badly malnourished, three weeks later. *Id.* at 4-5.
10  She was treated for the malnourishment, there, in the District of Columbia, and in
11  Princeton, New Jersey. *Id.* at 5.
12        Consequently, a large majority of the witnesses who will testify at trial live
13  in the Eastern District of Virginia, the Washington, D.C. area, or other nearby parts
14  of the east coast. *See* Ford Dec. Ex. A. These include: Plaintiffs and their family;
15  most of the Defendants' "leaders" who went on the Australia trip with K.S.;
16  families of other children who were recruited by Defendants and went on the
17  Australia trip with K.S.; other witnesses to the Defendants' recruitment of K.S. and
18  solicitation of funds from her; the physicians and other health care providers who
19  treated K.S. before and after the trip; and lay witnesses to K.S. physical and
20  psychological condition before and after the trip. *See* Dkt. 193-2, 193-3, 207. The
21  health care providers for Plaintiffs Paul and Dorothy Spiotta, whose medical
22  records and histories Defendants are seeking to discover and offer into evidence at
23

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9157.1 db253204

trial (over Plaintiffs' objection) also live and work in the Eastern District of Virginia or Washington, D.C. *See* Dkt. 165-2 and 165-3.

Only a few likely trial witnesses (all employees and officers of defendant Ambassadors) live in Spokane or the Eastern District of Washington. *See* Ford Dec. Ex. A at 4. The officers and employers of Defendant PTPI who are likely to be called to testify at trial live and work in the Kansas City area, much nearer to Virginia than Spokane. *Id.* Even the Defendants' retained experts are located in Seattle, rather than Spokane (*id.*), so they will have to travel some distance to trial wherever it is held, as well.

It is now apparent that Virginia substantive law will control most if not all of the claims and defenses in this case. *See* Plaintiffs' Response Memo, Dkt. 233. District Judges sitting in Virginia presumably will have greater familiarity with that state's governing law, and will be in a position to more efficiently make decisions interpreting and applying it. *See Salve Regina College v. Russell*, 499 U.S. 225, 239 n.5 (1991) (for purposes of "judicial administration," it is appropriate to assume that "a federal court judge who sits in a particular state, especially one who has practiced before its courts, may be better able to resolve complex questions as to the law of that state than is a federal judge who has no such personal acquaintance with the law of the state."), *quoting* C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4507, pp. 106-110 (1982).

Trial of this case is overdue and has been postponed twice. *See* Dkt. 171, 205. The United States District Court for the Eastern District of Virginia is the

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 3

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9157.1 db253204

District ranked first nationally out of the 94 U.S. District Courts in the speed with which it brings civil cases to trial, and is able to do so on average in less than 1/3 of the time required in this District. Ford Dec. Ex. B.

## ARGUMENT

Motions to change venue in a properly filed case are governed by 28 U.S.C. §1404(a), which provides

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

District Courts have considerable discretion in ruling on change of venue motions. *See Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *reversed on other grounds*, 525 U.S. 432 (1999). Considerations governing that discretionary decision include "(1) the relative convenience of the selected forum and the proposed forum; (2) the possible hardship to the plaintiff if the court grants the motion; (3) the interests of justice; and (4) the deference to be accorded the plaintiffs' choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). More specifically, the Ninth Circuit and other courts have held that the decision should be guided by principles similar to those governing determinations of *forum non conveniens*.

> As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981). Private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy,

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 4

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9157.1 db253204

> expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Public factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (*quoting Gulf Oil Corp.*, 330 U.S. at 509, 67 S.Ct. at 843).

*Decker Coal Co.*, 805 F.2d at 843. "Although the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Here, Plaintiffs' choice of forum is not a factor: that choice was forced by a provision in a standard contract written by Defendants, which Defendants have now waived. *See* Ford Dec. at 1. All the other factors weigh heavily in favor of relocating the case to the Eastern District of Virginia: that is where the vast majority of the witnesses live; that is where much of the medical evidence is; and that is the home of the applicable law and of courts and jurors with direct interest in application of that law. *See* pages 2-3, above. The Eastern District of Virginia is also a District uniquely free from court congestion and able to bring this complex case to trial and resolution in the shortest possible period. Ford Dec. Ex. B.

For these reasons, Plaintiffs submit that both the convenience of witnesses and the interests of justice militate strongly in favor of a transfer of venue in this case to the Eastern District of Virginia, in lieu of setting a new trial date.

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 5

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9157.1 db253204

For judicial efficiency, and because some of them may affect the venue calculus, plaintiffs suggest that before venue is changed or a new trial date is set, the Court dispose of some or all of the pending motions. *See* Plaintiffs' Status Report (Dkt. 235) at 3. Also, because the matter is ripe for mediation and the parties have agreed on a Spokane mediator, plaintiffs would suggest that any venue or trial setting decision await the outcome of the court-ordered mediation or settlement conference.

## CONCLUSION

If the case does not resolve at mediation or settlement conference, venue should be changed to the United States District Court for the Eastern District of Virginia, for trial.

DATED this 25 day of February, 2010.

MacDONALD HOAGUE & BAYLESS

By _____
Timothy K. Ford, WSBA #5986
Katherine C. Chamberlain, WSBA #40014
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 6

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9157.1 db253204

- **Kenneth L Isserlis**
  kisserlis@leeisserlis.com,lkellerman@leeisserlis.com
- **James Bernard King**
  jking@ecl-law.com,kschulman@ecl-law.com
- **Jerry S Phillips**
  jphillips@loeb.com,mortiz@loeb.com
- **Brian T Rekofke**
  btr@wkdtlaw.com,kimh@wkdtlaw.com
- **Geana Van Dessel**
  gmv@wkdtlaw.com,lisaj@wkdtlaw.com

MacDONALD HOAGUE & BAYLESS

By _____
Timothy K. Ford, WSBA #5986
Katherine C. Chamberlain, WSBA #40014
Attorneys for Plaintiffs

MEMORANDUM SUPPORTING MOTION
FOR CHANGE OF VENUE - 7

9157.1 db253204

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961