
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| K.S., by her guardian ad litem, Kenneth L. Isserlis, and DOROTHY SPIOTTA and PAUL SPIOTTA, <br><br> Plaintiffs, <br><br> v. <br><br> AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., and PEOPLE TO PEOPLE INTERNATIONAL, <br><br> Defendants. | NO. CV-08-243-RMP <br><br><br><br><br><br> ORDER |

## I. Introduction

Before the Court is Defendants' Joint Motion to Dismiss Plaintiffs' Washington Consumer Protection Act Claims (Ct. Rec. 202). The Court has reviewed Defendants' underlying Motion to Dismiss K.S.'s claims under both the Washington and Virginia consumer protection statutes (Ct. Rec. 86), Defendants' renewed Motion to Dismiss the claims under the Washington consumer protection statute (Ct. Rec. 202), supporting Memorandum (Ct. Rec. 203), and Supplement and Exhibit (Ct. Rec. 201) and Reply brief (Ct. Rec. 278), and Plaintiffs' Memoranda and supporting exhibits in Opposition (Ct. Rec. 108), (Ct. Rec. 208), (Ct. Rec. 233), and (Ct. Rec. 234), as well as the other pleadings and the file in

ORDER ~ 1

this matter.

Defendants moved to dismiss K.S.'s Consumer Protection Act ("CPA") claims under both Washington law and Virginia law in their initial Motion to Dismiss (Ct. Rec. 86). Subsequently, Defendants moved to dismiss Plaintiffs' CPA claim under the Washington CPA, chapter 19.86 RCW, contending that recent Washington State Supreme Court case law is controlling in this case. (Ct. Rec. 202). Both parties agree that *Schnall v. AT&T Wireless Services, Inc.*, 168 Wn.2d 125, 225 P.3d 929 (2010), informs the disposition of the Plaintiffs' Washington CPA claims.[1]

## II. Background

Plaintiffs in this case, K.S., a minor, and her parents, Paul and Dorothy Spiotta ("Spiottas"), are residents of Virginia (Ct. Rec. 75 at 2). The Spiottas allege that Defendants Ambassadors Programs Inc., Ambassadors Group Inc., and People to People International ("Ambassadors") made misrepresentations and participated in other conduct that violates the Washington CPA in soliciting K.S., and others, to apply for and participate in a trip to Australia (Ct. Rec. 75 at 15-16, 18). The Spiottas maintain that the majority of the misrepresentations and other violative conduct was made in Virginia, although Ambassadors is a Washington

---

[1] Defendants argue that *Schnall* stands for the proposition that parties who are not citizens of Washington State lack standing to bring claims pursuant to the Washington Consumer Protection Act. Plaintiffs argue that Defendants' reading of *Schnall* is too broad, but that this Court should follow the reasoning in *Schnall* related to choice of law analysis and determine that Virginia law, not Washington law, applies to this case.

ORDER ~ 2

corporation with its principle place of business in Washington (Ct. Rec. at 4, 15-16). Defendants contend, first, that the damages the Plaintiffs seek for K.S. are unavailable under Washington CPA laws, and, second, that the Washington State Supreme Court recently determined that a nonresident of Washington State does not have standing to bring a Washington CPA claim. (Ct. Rec. 87 at 6-7); (Ct. Rec. 203 at 2-4).

### III. Applicable Law

The recent Washington State Supreme Court decision, *Schnall v. AT&T Wireless Services, Inc.*, 168 Wn.2d 125, 225 P.3d 929 (2010), states that Washington State Consumer Protection Act claims are available only for Washington citizens: "'Even the general extraterritorial flavor of RCW 19.86.920 cannot change the clear standing limitations in the statute: a claimant must allege injury in trade or commerce that 'directly or indirectly affect[s] the people of the state of Washington.'" *Schnall*, 168 Wash.2d at 143 (cites omitted). The court continues, "In the context of this case, the CPA only applies to claims brought by persons residing in Washington." *Schnall*, 168 Wn.2d at 143.

### IV. Discussion

In this case, Plaintiffs are not residents of Washington State, nor do they allege having been Washington residents. Plaintiffs make no assertion that under *Schnall* they have standing to pursue the Washington CPA claim. Plaintiffs emphasize instead the choice of law analysis in *Schnall* and that the *Schnall* Washington resident restriction applies only "in the context of [that] case." (Ct. Rec. 233); *Schnall*, 168 Wash.2d at 143. This Court is not attempting to assert that in every case a nonresident would be barred from having standing from asserting a Washington CPA claim for actions conducted both inside and outside of the state of Washington. However, the *Schnall* court firmly recognized the

ORDER ~ 3

purpose of the Washington CPA as a tool for protecting the interests of Washington citizens and residents. *Schnall*, 168 Wash.2d at 142. Plaintiffs are certainly outside of this sphere of interest as determined in *Schnall*. 168 Wash.2d at 142-43. Therefore, the Court finds that Plaintiffs lack standing to pursue the Washington CPA claim. The Court dismisses Plaintiffs' Washington Consumer Protection Act claim as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

    1. Defendants' Motion to Dismiss (**Ct. Rec. 202**) is **GRANTED** and Plaintiffs' Washington CPA claim is dismissed with prejudice; and

    2. Defendants' Motion to Dismiss (**Ct. Rec. 86**) is **GRANTED IN PART**, and **RESERVED FOR LATER RULING IN PART**. The Court grants the motion with respect to Plaintiffs' Washington CPA claim. The Court reserves ruling on Plaintiffs' claim under the Virginia CPA, Code of Virginia §§ 59.1-200 through -207.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and forward copies to counsel.

DATED this 21st day of April, 2010.

                             *s/ Rosanna Malouf Peterson*
                             ROSANNA MALOUF PETERSON
                             United States District Court Judge

ORDER ~ 4